**SILVERMAN et al. v. NEW YORK LIFE INS. CO.**

No. 5006.

Circuit Court of Appeals, Third Circuit.
July 18, 1933.

Moorhead & Marshall, of Beaver, Pa., and M. M. Demond and Sachs & Caplan, all of Pittsburgh, Pa. (Charles H. Sachs, of Pittsburgh, Pa., and Forrest G. Moorhead, of Beaver, Pa., of counsel), for appellants.

Wm. H. Eckert, of Pittsburgh, Pa., Louis H. Cooke, of New York City, William J. Kyle, Jr., and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The pertinent, decisive facts in this case are as follows: Plaintiffs' decedent had a life insurance policy of defendant dated June 7, 1918. The premium thereon fell due November 22, 1930. Within the thirty-day leeway decedent's son sent defendant his own check. In his letter he said: "I am mailing a check of $107.36 for policy #6305174—S5 as my father is now in Chicago and I am a little short of cash at this time. Please send in papers to make a loan to take care of this premium." When placed in the bank for collection, the son's check was dishonored, whereupon the defendant, on January 8, 1931, wrote the decedent advising him that the check "has been returned by the bank not honored. Your policy has therefore been lapsed on the books of the Company. We regret that it is therefore necessary to enclose said check herewith, which we now do, and ask you to be good enough to return the renewal receipt given at the time the Company received said check. The Company urges you on receipt of this letter to apply for the reinstatement of the policy on the enclosed form, and return it to me at once with $107.99. If the evidence of insurability is found to be satisfactory, the Company will reinstate the policy." To this letter the decedent made no reply. He died on January 25, 1931. We here note that at the trial the judge submitted the question whether defendant accepted the check as payment or as a payment conditioned on the check being honored, and on that question the jury found for defendant. We therefore have a case of nonpayment of premium.

It is contended that because the policy then had a loan value of $416 and a surrender value of $488, the company should have applied these values to the payment of the premium. But, unfortunately for this contention, the insured took no step which war-

ranted the company so to do, and, unless he took such step, the defendant had no right to use the surrender value of the policy to pay the overdue premium. He was told the policy had lapsed—a position he accepted—and, though invited to reinstate, he did not do so. The policy provided: "This contract is made in consideration of the payment in advance of the sum of $113.32, the receipt of which is hereby acknowledged, constituting the first premium and maintaining this Policy to the Twenty-second day of November Nineteen Hundred and eighteen, and of a like sum on said date and every Six calendar months thereafter during the life of the insured." In view of this provision and the failure of the decedent to pay the premium or to reinstate his policy, the company, on paying the surrender value of the policy, which it did, was released from all further liability, and the entry of judgment in its favor involved no error.

We accordingly affirm.